INHABITANTS OF BROOKFIELD *vs.* INHABITANTS OF WEST
, BROOKFIELD.

Worcester.   October 4, 1904. — October 18, 1904.

Present: KNOWLTON, C. J., BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Pauper.   Municipal Corporations.   Waiver.*

*Semble,* that under Pub. Sts. c. 84, § 28, (R. L. c. 81, § 32,) the written notice, which the overseers of the poor of a town are required to give when demanding from another town the removal of a pauper, may be signed by only one of the overseers if the others authorize or ratify his action.

An answer of a town under Pub. Sts. c. 84, § 29, (R. L. c. 81, § 33,) to a notice from another town demanding the removal of a pauper, refusing the demand on the ground that the pauper's settlement is in the demanding town, waives the right to object to the notice for insufficiency.

By Pub. Sts. c. 84, § 29, (R. L. c. 81, § 33,) the overseers of the poor of a town are empowered to act for the town in making a written answer or statement signed by one or more of them to a notice from another town demanding the removal of a pauper, and therefore can waive the right of the town they represent to object to the notice for insufficiency.

CONTRACT for $100 expended by the town of Brookfield, for the support of a pauper alleged to have a settlement in the town

of West Brookfield, from September 4, 1901, to March 31, 1902. Writ in the District Court of Western Worcester dated March 9, 1903.

On appeal to the Superior Court the case was tried before *Gaskill,* J., without a jury. He found for the plaintiff in the sum of $104.35; and the defendant alleged exceptions.

*C. M. Rice,* for the defendant.

*H. E. Cottle,* for the plaintiff.

LORING, J.   This is an action to recover for the support of a pauper. The only defence now insisted upon is that the notice sent by the plaintiff was not a sufficient notice within Pub. Sts. c. 84, § 28, in that it was signed by one of the overseers and that the statute requires that written notice shall be given by the overseers. The case is here on an exception to a refusal to direct a verdict for the defendant.

We do not stop to consider whether, taking the whole notice in connection with the subsequent correspondence and action, it ought not to be taken to have been sent originally or subsequently adopted by the overseers and so was a sufficient notice within the statute, for we all are of opinion that it is not open to the defendant to set up the objection.

The notice given was sent to the proper persons, namely, the overseers of the poor of the defendant town, and an answer was sent signed by one of the overseers of the defendant town stating that the pauper's settlement was in the plaintiff town and on that ground refusing to accede to the request made.

Before the case of *Commonwealth* v. *Dracut,* 8 Gray, 455, it had been held in several cases that the objection of an insufficient description of the pauper was waived by an answer of no settlement. *Embden* v. *Augusta,* 12 Mass. 307. *Shutesbury* v. *Oxford,* 16 Mass. 102. *Northfield* v. *Taunton,* 4 Met. 433. Following this rule, it was held in *Commonwealth* v. *Dracut,* 8 Gray, 455, where it does not appear in what respect the notice was insufficient, that in case of an answer of no settlement the defendant could not object to the sufficiency of the notice. The case at bar comes within those decisions.

The defendant's argument is that the overseers of the defendant town cannot waive the rights of the town. But by Pub. Sts. c. 84, § 29, the overseers are empowered to act for the town in

this respect, and it has not been suggested that the evidence did not warrant a finding that the written statement which was signed by one of them was not in fact the act of the overseers of the defendant town. We are of opinion that such a finding was warranted by the evidence.

*Exceptions overruled.*